BARRETT v CAMPBELL

Docket No. 63445. Submitted June 30, 1983, at Detroit.—Decided November 23, 1983.

Plaintiff, Michael J. Barrett, brought an action in the Macomb Circuit Court against defendant Stephen M. Campbell and defendant Cheryl K. Hughes, doing business as Blue Boat Inn. The plaintiff sought damages from defendant Campbell for injuries he sustained while a passenger in Campbell's automobile as a result of an accident which occurred after the plaintiff and defendant Campbell left the inn owned by defendant Hughes. The plaintiff's complaint against Hughes alleged a dramshop action against Hughes as a licensed seller of alcoholic beverages who allegedly sold intoxicating liquor to a visibly intoxicated person, defendant Campbell. The trial court, Kenneth N. Sanborn, J., granted defendant Hughes a summary judgment in the dramshop action. Plaintiff then amended his complaint against Hughes alleging a common-law cause of action for gross negligence in the sale of intoxicants to Campbell when Campbell was already visibly intoxicated and for ejecting Campbell from the bar knowing that he had no other means of transportation than his automobile. The trial court again granted defendant Hughes a summary judgment. Defendant Campbell agreed to a mediator's award in favor of the plaintiff and a judgment was entered to that effect. Plaintiff appeals from the orders granting the summary judgments. *Held:*

1. The manner in which the plaintiff and defendant Campbell were drinking on the night in question, the purchasing of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 45 Am Jur 2d, Intoxicating Liquors §§ 561, 591, 593, 594, 608.
    Third person's participating in or encouraging drinking as barring him from recovery under civil damage or similar acts. 26 ALR3d 1112.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[4] Am Jur 2d New Topic Service, Comparative Negligence § 29.
    45 Am Jur 2d, Intoxicating Liquors § 588.
[5] 45 Am Jur 2d, Intoxicating Liquors § 587.
[6] 61A Am Jur 2d, Pleading §§ 71 *et seq.*, 226, 230 *et seq.*

"rounds" for each drinker, does not show that plaintiff merely drank with Campbell. Rather, by drinking in this manner, plaintiff actively participated in the intoxication of Campbell. Thus, the trial court correctly granted defendant Hughes the first summary judgment because there was no genuine dispute that plaintiff was a noninnocent party under the drampshop act and, thus, was precluded from proceeding under the act.

2. The plaintiff's argument that the doctrine of comparative negligence should apply to dramshop actions was rejected.

3. A dramshop action is the exclusive statutory remedy against a licensed tavern owner, thus, plaintiff failed to state a cause of action in his amended complaint alleging common-law causes of action for negligence. A dramshop action is not a common-law negligence action. The trial court properly granted the summary judgment on the amended complaint since it did not allege a dramshop action.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES.

A party who actively brings about the alleged intoxication of another may not recover in a dramshop action for the damages sustained therefrom; by doing so, the party is a noninnocent party under the dramshop act and is precluded from proceeding under the act (MCL 436.22; MSA 18.993).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — GENUINE ISSUES OF MATERIAL FACT — COURT RULES.

A trial court is obligated to consider affidavits, depositions and interrogatories, in short, the entire record, in determining whether a genuine issue of material fact exists for purposes of a motion for summary judgment based thereon; the motion is properly granted only where, giving every reasonable doubt to the opposing party, the court determines that it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

3. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES — PURCHASING DRINKS IN ROUNDS.

A manner of purchasing drinks in "rounds" for each of the participating drinkers of such rounds amounts to the active participation by a participant in the intoxication of another participant for the purpose of finding such participant a noninnocent party who is precluded from proceeding with an action under the dramshop act (MCL 436.22; MSA 18.993).

4. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS — COMPARATIVE NEGLIGENCE.

The dramshop act provides the exclusive remedy for injuries arising out of unlawful sales of intoxicating beverages by licensed retailers; the cause of action is not a common-law negligence action and the doctrine of comparative negligence therefore does not apply (MCL 436.22; MSA 18.993).

5. INTOXICATING LIQUORS — COMMON LAW — TAVERN OWNERS — WRONGFUL SERVICE OF INTOXICANTS.

A common-law action for gross negligence or wilful, wanton, or intentional misconduct may be recognized where the complaint alleges that a licensed liquor establishment sold alcohol to a known compulsive alcoholic contrary to a promise made by the tavern owner to refrain from serving that person.

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied (GCR 1963, 117.2[1]).

*James A. Brescoll, P.C.* (by *Dennis P. Brescoll*), for plaintiff.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Alvin A. Rutledge*), for Cheryl Hughes.

Before: CYNAR, P.J., and HOOD and R. J. JASON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary judgment, GCR 1963, 117.2(3), to defendant Hughes in a dramshop action, MCL 436.22; MSA 18.993, and from a second order of summary judgment, GCR 1963, 117.2(1),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted to defendant Hughes after plaintiff filed an amended complaint.

Plaintiff alleged in his complaint a dramshop action against defendant Hughes as a licensed seller of alcoholic beverages illegally selling intoxicating liquor to a visibly intoxicated person, defendant Stephen Campbell. Defendant Campbell allegedly drove his automobile off the road striking a tree while plaintiff was a passenger. Plaintiff suffered serious injuries.

Defendant Hughes filed a motion for summary judgment with an affidavit attached and with reference to deposition testimony. In its April 24, 1981, opinion granting the motion, the trial court treated the motion as one brought pursuant to GCR 1963, 117.2(3), no genuine issue of material fact. The court found that undisputed deposition testimony showed that plaintiff and defendant Campbell drank together at the Blue Boat Inn before the accident. They purchased their drinks in "rounds" with one or several other friends. This method of purchasing liquor was voluntary and cooperative and implied the expectation that each person would consume and purchase his per capita share. The trial court held that buying such "rounds" amounted to buying drinks for other people. Thus, the trial court found that plaintiff bought liquor for the intoxicated defendant, Campbell. By doing so, plaintiff was a noninnocent party under the drampshop act and, thus, was precluded from proceeding under the act. See *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964).

Plaintiff argues that a genuine issue of fact remains: whether the purchase of "rounds" of liquor amounts to the purchase of liquor for another. Plaintiff states that the purchase of such "rounds" amounts only to the purchasing of liquor

for oneself. Therefore, plaintiff argues, as he only purchased liquor for himself, he is not precluded from bringing this dramshop action against defendant Hughes.

We find that the question of whether buying rounds of liquor is the purchasing of liquor for another or only oneself is not material. What is a material question in this case is whether plaintiff actively participated in causing Campbell's inebriation. *Malone v Lambrecht,* 305 Mich 58, 60; 8 NW2d 910 (1943); *Todd v Biglow,* 51 Mich App 346, 351; 214 NW2d 733 (1974). One who actively brings about the alleged intoxication may not recover for injuries sustained therefrom. *Malone, supra.*

In deciding whether there was a genuine issue of material fact regarding plaintiff's status as a non-innocent party under the dramshop act, the trial court was obligated to consider affidavits, depositions, and interrogatories, or, in short, the entire record. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Giving every reasonable doubt to the opposing party, to grant judgment the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978).

In this case, plaintiff, defendant Campbell, and one other participant in the drinking at the Blue Boat Inn on the night of the accident all agreed in deposition testimony that their group drank beer and schnapps in "rounds". When a participant purchased the liquor, he did not purchase a quantity only for himself. Rather, he purchased a beer and a shot of schnapps for each drinker. In this fashion, both plaintiff and defendant Campbell consumed at least 8 to 10 beers and shots of schnapps.

We find that the purchasing of "rounds" in this manner does not show that plaintiff merely drank with Campbell. See *Dahn v Sheets,* 104 Mich App 584, 591; 305 NW2d 547 (1981), *lv den* 412 Mich 928 (1982). Rather, we find that by drinking in this manner plaintiff actively participated in the intoxication of Campbell, whether or not he eventually assumed the cost of the liquor he consumed. Thus, the trial court correctly granted defendant Hughes a summary judgment because there is no genuine dispute that plaintiff is a noninnocent party.

Plaintiff also argues that the dramshop action should not have been dismissed because a person's active participation in bringing about the injury-producing intoxication should not bar recovery. Rather, plaintiff argues that the doctrine of comparative negligence should apply to such actions. See *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). We follow the decision in *Dahn v Sheets, supra,* p 593, and reject this argument. The dramshop statute is a legislatively created exclusive remedy for injuries arising out of unlawful sales of intoxicating beverages by licensed retailers. A dramshop action is not a common-law negligence action. See *Browder v International Fidelity Ins Co,* 413 Mich 603, 615-616; 321 NW2d 668 (1982); *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267, 270-271; 333 NW2d 246 (1983). Because the doctrine of comparative negligence applies only to common-law tort actions sounding in negligence, it does not extend to a statutory dramshop action. *Dahn, supra.*

In his amended complaint, plaintiff added a count against defendant Hughes alleging a common-law cause of action for gross negligence in the sale of intoxicants to Campbell when Campbell was already visibly intoxicated and for ejecting

Campbell from the bar knowing he had no other means of transportation than his automobile. Defendant Hughes filed a motion for summary judgment aruging that plaintiff failed to allege a legally cognizable claim in his amended complaint, GCR 1963, 117.2(1). In its February 22, 1982, opinion granting the motion, the trial court recognized that this Court in *Grasser v Fleming*, 74 Mich App 338; 253 NW2d 757 (1977), recognized a common-law action for gross negligence or wilful, wanton, or intentional misconduct where the complaint alleged that the licensed liquor establishment sold alcohol to a known compulsive alcoholic contrary to a promise made by the tavern owner to refrain from serving that person. However, the trial court found no such pleading in this case. Therefore, because a dramshop action is an exclusive remedy against a licensed tavern owner, plaintiff failed to state a cause of action.

A motion for summary judgment for failure to state a claim, GCR 1963, 117.2(1), tests the legal sufficiency of the pleadings alone. The factual allegations made in the complaint must be presumed true along with any inferences or conclusions which may be fairly drawn from them. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Romeo v Van Otterloo*, 117 Mich App 333, 337; 323 NW2d 693 (1982).

The trial court properly granted the motion in this case. A dramshop action is plaintiff's exclusive remedy. *Browder, supra.* The *Grasser* exception does not apply in this case. Plaintiff did not allege that Campbell was a known alcoholic. Moreover, the common-law actions found in *Romeo, supra,* do not apply. Defendant in *Romeo* was was not a licensed seller of alcoholic beverages.

Affirmed.