## ARCIERO v WICKS

Docket No. 80779. Submitted November 12, 1985, at Detroit.—Decided
April 8, 1986.

Plaintiff, Sergio B. Arciero, was injured in an automobile accident
while riding as a passenger of decedent Scott R. Fuchs, after
they had been drinking at Redford Lanes and the Silver Bird
Saloon. Plaintiff filed a dramshop action in Wayne Circuit
Court against defendants Irene Wicks, personal representative
of the estate of Scott R. Fuchs, the West Side Entertainment
Corporation, doing business as the Silver Bird Saloon, and
Redford Lanes, Inc. Upon motions by defendants Redford Lanes
and the Silver Bird Saloon, the circuit court, Henry J. Szyman-
ski, J., granted summary judgment in their favor, ruling that
plaintiff was an active participant in Fuchs's intoxication and
was therefore a noninnocent party who could not recover under
the dramshop act. Plaintiff appealed. *Held:*

1. Active participation in the intoxication of a tortfeasor
excludes a party from recovery under the dramshop act for
injuries caused by the intoxicated tortfeasor. In order for
participation consisting solely of the act of buying alcoholic
beverages consumed by the tortfeasor to constitute active par-
ticipation as a matter of law, at least one of the beverages must
have been bought while the tortfeasor was visibly intoxicated.

2. The circuit court erred in granting summary judgment in
favor of defendants Redford Lanes and the Silver Bird Saloon.
The circuit court incorrectly ruled that, as a matter of law,
plaintiff's act of buying beverages for Fuchs's consumption, by

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 20, 292, 561-614.
Choice of law as to liability of liquor seller for injuries caused by
intoxicated person. 2 ALR4th 952.
Common-law right of action for damage sustained by plaintiff in
consequence of sale or gift of intoxicating liquor or habit-forming
drug to another. 97 ALR3d 528.
Third person's participating in or encouraging drinking as barring
him from recovery under civil damage or similar acts. 26 ALR3d
1112.
See also the annotations in the ALR3d/4th Quick Index under Civil
Damage Act.

itself, constituted active participation on the part of plaintiff in Fuchs's intoxication, without considering whether Fuchs was visibly intoxicated when plaintiff furnished the beverages to him.

3. Defendant Redford Lanes' claim, that plaintiff's admission in an affidavit that Fuchs was not visibly intoxicated while at Redford Lanes precluded plaintiff's allegation that Redford Lanes sold alcoholic beverages to a visibly intoxicated Fuchs, was not unequivocally supported by the affidavit, was not properly raised in circuit court, and was not relied upon by the circuit court in ruling on defendants' motions for summary judgment. Therefore, the issue was not properly on appeal and was not considered by the Court of Appeals.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES.
A party who actively participates in the intoxication of a tortfeasor is a noninnocent party under the dramshop act and may not recover for injuries caused by the intoxicated tortfeasor (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES.
A party, who buys or furnishes alcoholic beverages which are consumed by a tortfeasor, may as a matter of law be found to have actually participated in the intoxication of the tortfeasor and found to be a noninnocent party who may not recover for injuries caused by the intoxicated tortfeasor, if the tortfeasor was visibly intoxicated when at least one of the beverages was bought or furnished (MCL 436.22; MSA 18.993).

3. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES.
A party who buys or furnishes alcoholic beverages to a tortfeasor who was not visibly intoxicated may, in some cases as a matter of law, be found to have actively participated in the intoxication of the tortfeasor when the party proposed a drinking contest or dared the tortfeasor to keep drinking; such a party is a noninnocent party and may not recover for injuries caused by the intoxicated tortfeasor under the dramshop act (MCL 436.22; MSA 18.993).

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky),* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary A. Maximiuk),* for West Side Entertainment Corporation.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Thomas M. Jinks* and *Michael L. Recelli),* for Redford Lanes, Inc.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting summary judgment for defendants Redford Lanes, Inc., and the West Side Entertainment Corporation, doing business as the Silver Bird Saloon, under GCR 1963, 117.2(3), now MCR 2.116(C)(10), on plaintiff's dramshop action arising out of an automobile accident. Summary judgment was granted for defendants Redford Lanes and the Silver Bird Saloon on the basis of plaintiff's participation in the intoxication of Scott Roger Fuchs, the driver of the automobile. We reverse and hold that, in order for the act of buying intoxicants consumed by a tortfeasor to constitute active participation in the intoxication of the tortfeasor as a matter of law, the act must occur while the tortfeasor is visibly intoxicated.

Plaintiff testified at his deposition that at about 7:00 p.m. on March 20, 1982, he, Scott Roger Fuchs and several others began drinking at Bill Harley's house. The group of young men had a few beers at Harley's house and then, at approximately 9:00 p.m., proceeded to Redford Lanes to play pool and drink beer. While at Redford Lanes, plaintiff and Fuchs each bought two rounds of beer for each other shortly after their arrival. At approximately midnight, the group left Redford Lanes and went to the Silver Bird Saloon where they continued drinking. Shortly after leaving the Silver Bird Saloon at about 2:00 a.m., the automobile Scott Fuchs was driving and in which plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was a passenger left the road at a high rate of speed and hit a tree. Fuchs and another passenger were killed and plaintiff was injured.

Plaintiff brought a dramshop action against Scott Fuchs's estate, Redford Lanes and the Silver Bird Saloon. MCL 436.22; MSA 18.993. He alleged that Redford Lanes and the Silver Bird Saloon had served intoxicants to Fuchs while he was visibly intoxicated and that such sale caused or contributed to his intoxication.

Defendants Redford Lanes and Silver Bird Saloon both moved for summary judgment on the ground that plaintiff was an active participant in Fuchs's intoxication and was therefore a noninnocent party who could not recover under the dramshop act. In support of its motion for summary judgment, the Silver Bird Saloon presented the following deposition testimony of Matthew Ellstein, one of the young men in the group drinking the evening of the incident:

"*Q* How did you pay for your drinks?

"*A* By cash.

"*Q* Did everybody pay cash for the drinks?

"*A* Everybody was buying rounds, yeah.

"*Q* Would it be accurate to say that you bought Scott Fuchs and Bruno Arciero drinks during the course of the evening?

"*A* They were there, yeah.

"*Q* Okay. And would it be accurate to say that you bought them drinks during the course of the evening?

"*A* I thought that's what you just asked.

"*Q* Your answer was a little bit unclear.

"*A* Yes, I bought them drinks.

"*Q* Would it be accurate to say that Bruno Arciero bought yourself and Scott Fuchs drinks during the course of the evening?

"*A* Yes. We all bought rounds. We all went around.

"*Q* Were rounds bought at the Silver Bird as well as Redford Lanes?

"*A* Uh-huh, yeah. Probably more so at the Silver Bird."

In response, plaintiff presented his affidavit in which he stated:

"1. That on the evening of the accident in question, March 19, 1982, I purchased several rounds of beer for myself and a number of friends and acquaintances who were at the Redford Lanes between 9:00 p.m. and 12 midnight. Further, that among those persons for whom rounds were purchased was Scott Roger Fuchs.

"2. That at no time immediately prior to or immediately after the purchasing of those several rounds at the Redford Lanes was Scott Roger Fuchs visibly intoxicated.

"3. That to the best of my recollection Scott Roger Fuchs became visibly intoxicated while at the Silver Bird Saloon between 12:30 a.m. and 2:00 a.m. immediately preceding the accident.

"4. That at no time while I was at the Silver Bird Saloon did I purchase any intoxicating beverages for the decedent driver, Scott Roger Fuchs, nor did I participate in the purchase of any rounds of drinks in which Scott Roger Fuchs participated."

At the hearing on the motion for summary judgment, Redford Lanes argued that, since plaintiff's affidavit stated that Fuchs became visibly intoxicated at the Silver Bird Saloon, plaintiff admitted that Redford Lanes did not serve Fuchs while he was visibly intoxicated. Redford Lanes contended that since plaintiff had admitted that Redford Lanes did not violate the dramshop act by serving alcoholic beverages to a visibly intoxicated person, plaintiff could not maintain such an action against Redford Lanes. Plaintiff's counsel objected to this line of argument at the hearing, correctly contending that this was not the original basis of the motion for summary judgment brought by

Redford Lanes. Plaintiff's counsel also asserted that he had a witness, David Bar, whose deposition had not yet been taken, who would testify that Fuchs left Redford Lanes intoxicated. However, plaintiff did not provide any affidavit to this effect.

The central issue at the hearing was whether, for the act of buying drinks or rounds to constitute, as a matter of law, active participation in the intoxication of a tortfeasor, the act must occur *while* the tortfeasor is visibly intoxicated. Plaintiff argued that to be precluded from recovery under the dramshop act because of active participation in the intoxication of a tortfeasor, the party who buys drinks or rounds for the tortfeasor must do so *while* the tortfeasor is visibly intoxicated. Defendants argued that the buying of drinks or rounds, even prior to visible intoxication, would be sufficient to render a party, as a matter of law, an active participant and a noninnocent party precluded from recovery under the dramshop act. The circuit court found that plaintiff was an active participant throughout the drinking enterprise and was thus a noninnocent party. The court found it unnecessary to determine at which point Fuchs became intoxicated, and, relying on *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964), and *Barrett v Campbell,* 131 Mich App 552; 345 NW2d 614 (1983), *lv den* 419 Mich 877 (1984), granted defendants' motions for summary judgment. We reverse.

Active participation in the intoxication of a tortfeasor excludes a party from recovery under the dramshop act for injuries caused by the intoxication. For active participation to be found as a matter of law, the participant must play a much more affirmative role than that of drinking companion to the tortfeasor. *Dahn v Sheets,* 104 Mich 584, 590-591; 305 NW2d 547 (1981), *lv den* 412

Mich 928 (1982). *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The act of buying drinks or rounds may be sufficient to establish active participation. *Goss v Richmond,* 146 Mich App 610; 381 NW2d 776 (1985); *Barrett, supra,* p 557.

In the instant case, plaintiff was alleged tortfeasor Fuchs's drinking companion on the evening in question. Plaintiff also bought Fuchs two rounds of beer. Ignoring for the moment any participation on plaintiff's part other than plaintiff's buying of rounds for Fuchs, the question raised in the instant case is whether the act of buying drinks must have occurred while Fuchs was visibly intoxicated for the act to constitute active participation as a matter of law, thus precluding the submission of the question to the finder of fact.

We hold that, in order for participation consisting solely of the act of buying drinks or rounds consumed by the tortfeasor[1] to constitute active participation as a matter of law (thus precluding submission of the issue to the finder of fact), the buying of at least one of the drinks must have occurred *while* the tortfeasor was visibly intoxicated.[2] The Legislature's objective in enacting the dramshop act was to discourage the sale of intoxicating beverages to *visibly intoxicated* persons or minors and to provide for recovery under certain circumstances by those injured as a result of the

---

[1] When we refer to the act of buying rounds or drinks for a tortfeasor, we are referring to the buying of rounds or drinks which are consumed by the tortfeasor. We do not deal with the question of what effect, if any, the act of buying rounds or drinks for a tortfeasor which he does not consume has on the buyer's recovery under the dramshop act.

[2] Fuchs, the alleged tortfeasor in the instant case, was 22 years of age at the time of the accident. Thus our holding is limited to active participation in the intoxication of an adult tortfeasor and does not extend to situations involving participation in the intoxication of minors, for whom the act of buying an intoxicant at any time is illegal.

illegal sale of intoxicating liquor. See *Longstreth v Gensel,* 423 Mich 675, 684; 377 NW2d 804 (1985); *Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982); *Goss, supra,* p 613. It would follow that the mere act of buying intoxicants for either class of persons, *i.e.,* visibly intoxicated persons or minors, which contributes to the intoxication of the person who ultimately injures someone due to his intoxication would render the buyer of the intoxicant a noninnocent party precluded from recovery under the dramshop act. See *Goss, supra,* p 613. Were we to hold that the mere act of buying drinks for a person prior to visible intoxication of that person is sufficient to render the drink-buyer, as a matter of law, an active participant and an noninnocent party, anyone who bought a drink for another would automatically be precluded from recovery under the dramshop act for injuries caused by the recipient of the drink. For example, a party who bought drinks for a sober or apparently sober person early in the evening, parted ways with that person, and later that evening was somehow injured by that person (who had independently become very drunk) would be precluded from recovery. We cannot agree with this result.

We also point out that, in the cases relied upon by the circuit court in granting summary judgment for defendants Redford Lanes and the Silver Bird Saloon, the plaintiffs who were precluded from recovery as noninnocent parties had paid for several drinks *after* the intoxication of the tortfeasor. In *Kangas, supra,* p 398, testimony showed that the plaintiff paid for some of tortfeasor Exelby's drinks *after the plaintiff knew* that Exelby had become intoxicated. In *Barrett, supra,* p 555, this Court indicated in its opinion that the trial court found that the plaintiff had bought rounds

for the *intoxicated* tortfeasor Campbell. Thus, although the *Kangas* and *Barrett* opinions do not explicitly state that the tortfeasor was visibly intoxicated when the drinks were bought, we assume that there must have been some external indicia of intoxication (*i.e.,* visible intoxication) from which a conclusion was drawn that the tortfeasor was intoxicated when the drinks were bought.[3]

In the instant case there existed a genuine factual dispute as to whether plaintiff participated in Fuchs's intoxication by purchasing rounds for him while Fuchs was visibly intoxicated.[4] Defendant Silver Bird Saloon, based on Matthew Ellstein's deposition testimony, argued that plaintiff bought rounds for Fuchs at the Silver Bird Saloon, at which time plaintiff admitted in his own affidavit that Fuchs was visibly intoxicated. First, it was not entirely clear from Ellstein's deposition testimony that plaintiff bought Fuchs drinks specifically at the Silver Bird Saloon. The testimony, which was set forth earlier in this opinion, only established that plaintiff bought drinks for Fuchs during the course of the evening. Secondly, plaintiff's affidavit expressly denied that plaintiff bought drinks or rounds for Fuchs at any time

[3] There may arise a situation where the tortfeasor exhibits no physical signs of intoxication such as, *e.g.,* staggering or weaving, but the plaintiff actually knows the tortfeasor is intoxicated. For instance, a seemingly sober tortfeasor admits to the plaintiff that he *is* drunk. Under such circumstances, we would still find the tortfeasor visibly intoxicated for purposes of the dramshop act. "Visible" intoxication is not limited strictly to "visually"-observed intoxication. For example, slurred speech has been considered an indicator of visible intoxication. See *e.g., McKnight v Carter,* 144 Mich App 623, 630; 376 NW2d 170 (1985), discussing *Lasky v Baker,* 126 Mich App 524; 337 NW2d 561 (1983). Thus any external manifestation of intoxication can render a person "visibly" intoxicated.

[4] The mere fact that Fuchs drank alcoholic beverages is not sufficient to establish that he was visibly intoxicated. *McKnight, supra,* p 629.

when Fuchs was visibly intoxicated, and that he did not buy drinks for Fuchs at the Silver Bird Saloon where Fuchs was visibly intoxicated. Thus there existed a disputed material issue of fact as to whether plaintiff bought rounds for Fuchs when Fuchs was visibly intoxicated. The circuit court did not consider this factual dispute since it found that it made no difference as to when plaintiff bought the drinks for Fuchs. The court found that the act of buying the drinks during the ongoing drinking enterprise made plaintiff a noninnocent party, that plaintiff was an active participant throughout, and granted summary judgment on that basis.

As discussed above, when an allegation of active participation is based *solely* on the act of buying drinks or rounds, for the court to find active participation as a matter of law, rather than submitting the issue to the finder of fact, at least one of the drinks must be bought when the intoxication of the tortfeasor is visible or apparent. In the instant case this fact was in dispute and active participation could not be found as a matter of law based solely on plaintiff's purchasing of rounds for Fuchs. However, although the sole act of buying rounds or drinks prior to visible intoxication will not constitute active participation as a matter of law, the act of buying drinks even prior to apparent intoxication may contribute to a finding of active participation as a matter of law when coupled with other undisputed activities such as, *e.g.,* a drinking contest proposed by a plaintiff or a plaintiff's encouragement or dares to a tortfeasor to keep drinking, etc.

We do not mean to imply that the act of buying drinks prior to visible intoxication cannot constitute active participation. The act of buying drinks prior to visible intoxication may constitute active

participation in some cases, but, absent other undisputed allegations of participation, this issue should be submitted to the finder of fact, not determined as a matter of law.[5]

In the instant case, the main thrust of the argument by Redford Lanes and the Silver Bird Saloon is that plaintiff was an active participant in that he bought drinks for Fuchs. The only other alleged participation was that of a drinking companion, which in and of itself does not constitute active participation as a matter of law. *Dahn, supra.* The circuit court did find that plaintiff was "in active participation throughout" but failed to support this conclusion with any additional findings of participation. Assuming, as appropriate on defendant's motion for summary judgment, that the disputed issue of whether plaintiff bought rounds for Fuchs while Fuchs was visibly intoxicated is resolved in plaintiff's favor, we find that the act of buying drinks prior to visible intoxication coupled with mere companionship throughout the drinking enterprise is insufficient to establish as a matter of law that plaintiff was an active participant in Fuchs's intoxication. Reasonable persons could reach different conclusions on these facts as to whether plaintiff was an active participant. Thus this issue should have been submitted to the jury or finder of fact. We therefore find that the court erred in granting summary judgment for defendants Redford Lanes and the Silver Bird Saloon on the basis of its finding that as a matter of law, plaintiff was an active participant in Fuchs's intoxication.

---

[5] Of course, the issue need not be submitted to the jury if the court finds, on undisputed facts, that the plaintiff's actions did *not* constitute active participation as a matter of law. *E.g.,* the plaintiff buys the tortfeasor his first drink, parts ways with the tortfeasor who becomes intoxicated by drinking for the next 6 hours and then runs into and injures the plaintiff.

Redford Lanes additionally argues on appeal that since plaintiff admitted in his affidavit that Fuchs was not visibly intoxicated while at Redford Lanes, Redford Lanes could not have illegally sold alcoholic beverages to a visibly intoxicated person, *i.e.*, Fuchs, and thus plaintiff could not maintain a dramshop action against Redford Lanes. However, plaintiff's affidavit, set forth earlier in this opinion, merely states that at no time immediately prior to or immediately after the purchasing of the several rounds at Redford Lanes was Fuchs visibly intoxicated, and that *to the best of plaintiff's recollection* Fuchs became visibly intoxicated at the Silver Bird Saloon. The affidavit does not unequivocally state that Fuchs was never visibly intoxicated at Redford Lanes. It does not preclude the possibility that Fuchs became visibly intoxicated subsequent to this consumption of drinks bought by plaintiff and that Redford Lanes served him at that time. In addition, plaintiff's complaint did state that Fuchs was visibly intoxicated at Redford Lanes.

More important, however, is the fact that Redford Lanes did not originally raise this issue on their motion for summary judgment. Instead they brought their motion on the ground that plaintiff was an active participant in Fuchs's intoxication and therefore a noninnocent party. From the record it appears that the first time the issue was raised was at oral argument during the hearing on Redford Lanes' motion for summary judgment, at which time plaintiff objected to this new line of argument. Had Redford Lanes raised this argument earlier in its motion for summary judgment, plaintiff may have been able to present affidavits in opposition to this argument. In fact, plaintiff's counsel contended at the hearing that he could produce an affidavit indicating that Fuchs was visibly intoxicated at Redford Lanes. Moreover,

the circuit court granted summary judgment for Redford Lanes on the original ground raised for its motion for summary judgment, *i.e.,* that plaintiff was a noninnocent party precluded from recovery under the dramshop act. Thus, although after remand of this case Redford Lanes may be able to find other avenues on which to proceed with this theory, we find that since this issue was not properly raised in its motion for summary judgment and the circuit court did not consider this issue in granting Redford Lanes' motion, this issue is not properly on appeal.

Reversed and remanded.