### DHUY v RUDE

Docket No. 113368. Submitted May 2, 1990, at Detroit. Decided December 5, 1990, at 9:03 A.M.

    Stephen M. Dhuy, a minor, brought a dramshop action in the Oakland Circuit Court, John N. O'Brien, J., against Aprim A. Murad, the owner of a store that sold beer to Kirk Rude, also a minor, who was the driver of an automobile involved in an accident, after consuming the beer, in which the plaintiff was injured while a passenger. The trial court granted Murad's motion for summary disposition after finding that the dramshop act provided the plaintiff's exclusive remedy and that, because he contributed money for the purchase of the beer, the plaintiff was a noninnocent party, barred from suing under the act. The plaintiff appealed.

    The Court of Appeals *held:*

    The noninnocent party doctrine provides that a person who was an active participant in causing a tortfeasor's intoxication is barred from recovery under the dramshop act. The plaintiff's contribution of money for the beer consumed by the minor driver of the vehicle prior to the accident amounted to active participation in causing the driver's intoxication. The trial court properly found the plaintiff to be barred as a noninnocent party under the dramshop act from bringing an action against the liquor licensee.

    Affirmed.

Intoxicating Liquors — Dramshop Act — Minors — Noninnocent Parties.

    A minor who actively participates in another minor's unlawful purchase of alcohol and intoxication is barred as a noninnocent party under the dramshop act from suing the licensee that sold the intoxicating liquor (MCL 436.22[3]; MSA 18.993[3]).

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 267, 591.

Third person's participating in or encouraging drinking as barring him from recovery under civil damage or similar acts. 26 ALR3d 1112.

*Thurswell, Chayet & Weiner* (by *Harvey Chayet* and *Tammy J. Reiss*), for the plaintiff.

Before: CAVANAGH, P.J., and MCDONALD and MARILYN KELLY, JJ.

MCDONALD, J. Plaintiff appeals as of right from a July 31, 1987, order granting summary disposition in favor of defendant Aprim Abdulahad Murad in this personal injury case. We affirm.

Plaintiff sustained injuries while a passenger in an automobile driven by Kirk Rude after the automobile left the road and collided with a tree. Just prior to the accident, Rude, a minor, consumed alcohol purchased from defendant Murad's store. On the date of the accident, plaintiff and three or four friends, all of whom were minors, decided to stop at defendant's store to buy beer before going to the movies. A collection was taken, and the group made a joint decision to give the money to Rude to make the purchase. Plaintiff admits to contributing money for the beer. Rude purchased the beer without incident. Ultimately, after some of the alcohol was consumed, the instant accident occurred.

Plaintiff brought suit against Murad pursuant to the Michigan dramshop act, MCL 436.22; MSA 18.993. Plaintiff's complaint contained no allegation of negligence regarding Murad or any of his employees in selling the alcohol to Rude, nor did plaintiff allege violation of MCL 436.33; MSA 18.1004, the penal statute making sale of alcohol to minors a misdemeanor. Thereafter, Murad filed a motion for summary disposition, claiming plaintiff was precluded from recovering under the dramshop act because of his contribution to Rude's intoxication by supplying Rude money to purchase the alcohol. Plaintiff responded asserting the exis-

tence of a valid negligence claim against Murad as well as a claim under the act. The trial court granted Murad's motion, finding the dramshop act to provide plaintiff's exclusive remedy against retailers of alcohol such as Murad and that, by contributing money for the beer, plaintiff became a noninnocent party, barred from suing under the act.

On appeal, plaintiff claims that the trial court erred in failing to address his negligence claim against Murad separately from the dramshop action. However, as the trial court correctly held, the exclusive remedy against liquor licensees for injuries caused by conduct arising out of the selling of intoxicating beverages is the dramshop act. *Millross v Plum Hollow Golf Club,* 429 Mich 178; 413 NW2d 17 (1987); *Jackson v PKM Corp,* 430 Mich 262; 422 NW2d 657 (1988). Moreover, even if the dramshop act was not plaintiff's exclusive remedy against Murad, as previously noted, plaintiff failed to properly plead a common-law negligence claim against Murad in his complaint.

Plaintiff also claims that the trial court erred in finding plaintiff a noninnocent party, barred from recovery under the dramshop act. We disagree.

At the time of this action the dramshop act read:

> (3) A retail licensee shall not . . . sell . . . alcoholic liquor to a minor except as provided in this act, nor to a person who is visibly intoxicated. A retail licensee who violates this subdivision shall pay all actual damages that may be awarded to a person for injuries . . . resulting from the selling . . . of alcoholic liquor to the person." [MCL 436.22(3); MSA 18.993(3).]

A plaintiff is barred under the "noninnocent party doctrine" from recovering for injuries, how-

ever, if the plaintiff was an active participant in causing the tortfeasor's intoxication. *Craig v Larson,* 432 Mich 346; 439 NW2d 899 (1989). Active participation has been found where the plaintiff and the tortfeasor take turns buying "rounds" of drinks for each other. *Barrett v Campbell,* 131 Mich App 552; 345 NW2d 614 (1983). Additionally, this Court has found, as a matter of law, that a plaintiff actively participates in a tortfeasor's intoxication when both plaintiff and the tortfeasor place money on a table and instruct the barmaid to use that money to pay for their drinks. *Plamondon v Matthews,* 148 Mich App 737; 385 NW2d 273 (1985).

In the instant case, like the plaintiffs in *Barrett* and *Plamondon,* plaintiff contributed money to purchase the alcohol which allegedly caused the inebriation of the tortfeasor, Kirk Rude. Accordingly, we find, as a matter of law, that plaintiff was an active participant in Kirk Rude's intoxication and therefore is barred as a noninnocent party from recovering damages under the dramshop act.

Plaintiff cites *Arciero v Wicks,* 150 Mich App 522; 389 NW2d 116 (1986), in support of his contention that he did not actively participate in Rude's unlawful purchase of alcohol because Rude was not visibly intoxicated when plaintiff contributed the money to buy the beer. However, *Arciero* involved the purchase of alcohol by an adult, not by a minor as in this case.

The dramshop statute provides that "[a] retail licensee shall not . . . sell . . . alcoholic liquor *to a minor* except as provided in this act, *nor to a person who is visibly intoxicated.*" MCL 436.22(3); MSA 18.993(3). (Emphasis added). The language clearly distinguishes between minors, to whom the sale of alcohol is always illegal, and adults, to

whom the sale of alcohol is illegal only when the adult is visibly intoxicated. Even *Arciero* explicitly recognized this distinction:

> "Fuchs, the alleged tortfeasor in the instant case, was 22 years of age at the time of the accident. *Thus our holding is limited to active participation in the intoxication of an adult tortfeasor and does not extend to situations involving participation in the intoxication of minors, for whom the act of buying an intoxicant at any time is illegal.*" [*Id.*, p 528, n 2. Emphasis added.]

See also *Craig v Larson, supra,* p 358.

Since Rude was a minor, plaintiff unlawfully participated in Rude's unlawful purchase of alcohol and intoxication. The question whether Rude was visibly intoxicated is immaterial. Accordingly, the trial court properly found plaintiff barred under the noninnocent party doctrine from suing the licensee under the dramshop act.

Affirmed.