*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEMETRIOUS OMATA BURKS,

        Plaintiff-Appellant,

v

LIBERTY SURPLUS INSURANCE
CORPORATION, PROGRESSIVE ADVANCED
INSURANCE CORPORATION, and JANE DOE,

        Defendants,

and

SHEHATA X. BAILEY,

        Defendant-Appellee.

UNPUBLISHED
April 09, 2026
1:39 PM

No. 371355
Wayne Circuit Court
LC No. 23-001961-NI

Before: YATES, P.J., and MARIANI and WALLACE, JJ.

YATES, P.J. (*concurring*)

        This case provides a textbook example of how not to defeat a summary disposition motion. After filing a third-party noneconomic-loss claim, see MCL 500.3135, plaintiff Demetrious Omata Burks, faced a summary disposition motion under MCR 2.116(C)(10) filed by defendant, Shehata X. Bailey. Remarkably, plaintiff kept his best arrows in his quiver when he filed a response to the motion. Specifically, plaintiff's responsive brief did not include helpful medical records and made no mention of the closed-head-injury exception in MCL 500.3135(2)(a)(*ii*). During oral argument on the summary disposition motion, plaintiff's counsel asked the trial court to consider the closed-head-injury exception, but the trial court refused to do so because plaintiff had not mentioned that argument in his responsive brief. Then, after the trial court granted defendant's motion, plaintiff's counsel moved for reconsideration and attached the helpful medical records, but the trial court did not permit plaintiff to expand the record in that manner. The majority opinion correctly upholds the trial court's refusal to consider a theory raised for the first time at oral argument, see *Arciero v Wicks*, 150 Mich App 522, 533; 389 NW2d 116 (1986), and appropriately approves the trial court's

-1-

unwillingness to consider evidence presented for the first time in a motion for reconsideration.  See *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).  Our inability to consider either the theory first raised by plaintiff at oral argument or the evidence furnished by plaintiff for the first time in his motion for reconsideration precludes us from rendering a decision in plaintiff's favor.  Accordingly, I join the majority opinion, albeit with a great deal of sympathy for plaintiff.

/s/ Christopher P. Yates