CORNACK v SWEENEY

Docket No. 62972. Submitted April 8, 1983, at Detroit.—Decided July 19, 1983. Leave to appeal denied, 418 Mich 917.

Michael J. Cornack, a minor, allegedly purchased alcoholic beverages while visibly intoxicated. He later was injured when he lost control of an automobile he was driving. Betty J. Cornack, individually and as next friend of Michael J. Cornack, brought an action against Mabel Sweeney and Grace Bell, doing business as Lakeview Grocery, alleging that Michael's intoxication was the cause of the accident and that the sale was illegal. The plaintiff alleged both common-law negligence and a cause of action under the dramshop act. The Genesee Circuit Court, Philip C. Elliott, J., denied the defendants' motion for partial summary judgment as to the claims of Michael Cornack. Defendants appeal by leave granted. *Held:*

1. No common-law action remains for the negligent sale of alcoholic beverages to minors or visibly intoxicated persons. The dramshop act is the exclusive cause of action. Summary judgment should have been granted on the common-law negligence claim.

2. An intoxicated person may not recover under the dramshop act for his own injuries received as a result of his intoxication. There is no distinction under this rule between minors and adults. Summary judgment should have been granted on Michael Cornack's dramshop act claim.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — SALE OF ALCOHOLIC BEVERAGES.

No common-law remedy remains for the negligent sale of alcoholic beverages to minors or visibly intoxicated persons; the exclusive cause of action for such a sale is that provided by the dramshop act (MCL 436.22; MSA 18.993).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 45 Am Jur 2d, Intoxicating Liquors §§ 266, 561, 582.
    Proof of causation of intoxication as a prerequisite to recovery under civil damage act. 64 ALR3d 882.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 414.

2. Automobiles — Minors — Standard of Care.

   A minor automobile driver is held to the same standard of conduct as an adult.

3. Intoxicating Liquors — Dramshop Act — Recovery of Damages.

   An intoxicated person, whether adult or minor, may not recover damages under the dramshop act for his injuries from the party who illegally provided him with alcoholic beverages, which provision caused or contributed to the injuries (MCL 436.22; MSA 18.993).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Kaufman, Payton & Kallas* (by *Constantine N. Kallas*), for defendants.

Before: Wahls, P.J., and Gribbs and M. Warshawsky,* JJ.

Gribbs, J. The defendants, Mabel Sweeney and Grace Bell, doing business as Lakeview Grocery, bring an interlocutory appeal from a denial of their motion for partial summary judgment. Michael John Cornack, a minor, allegedly purchased alcoholic beverages from the defendants. Plaintiff alleges that the sale was illegal since Michael was visibly intoxicated and was a minor. Later, while driving an automobile, Michael allegedly lost control of the vehicle and struck a parked automobile, causing injuries to himself. Intoxication is alleged as the cause of the accident. Betty J. Cornack, Michael's mother, individually and as next friend of Michael, sued the defendants for common-law negligence and under the dramshop act, MCL 436.22; MSA 18.993.[1] The defendants moved for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by a visibly intoxicated person by reason of the unlawful

summary judgment against Michael Cornack, arguing that no common-law action exists and that the allegedly intoxicated person is barred from recovering under the dramshop act. The trial court denied the motion, prompting this appeal. We reverse.

I

First, the defendants are correct in their assertion that no common-law action remains for negligently selling alcohol to minors or visibly intoxicated persons. The Michigan Supreme Court considered this issue in *Browder v International Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982), and declared:

"Upon examination of the dramshop act, it becomes clear that the particular objective of the Legislature in enacting it was to discourage bars from selling intoxicating beverages to minors or visibly intoxicated persons and to provide for recovery under certain circumstances by those injured as a result of the illegal sale of intoxicating liquor.

"As the emphasized portions of the statute demonstrate, the Legislature used clear and unambiguous language. The Legislature obviously intended the cause of action * * * provided in the dramshop act to be the exclusive cause of action * * *."

Thus, the trial court should have granted partial summary judgment on the common-law claim.

selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * *." MCL 436.22; MSA 18.993.

## II

We next consider whether Michael Cornack is barred from recovery under the dramshop act as an intoxicated minor. Jurisdictions are split on whether an intoxicated person can recover for his own injuries. Some hold that he can; others hold that he cannot. See Anno: 65 ALR2d § 4, pp 923, 927-928. The plaintiff concedes that Michigan is among those states which deny recovery[2] but argues that this rule applies only to intoxicated adults. There is no doubt that a minor driver is held to the same standard of conduct as an adult. *Constantino v Wolverine Ins Co,* 407 Mich 896; 284 NW2d 463 (1979). The issue for our consideration is whether an intoxicated minor driver is excepted from this rule under the dramshop act. We hold that he is not. In this regard, the dramshop act treats intoxicated minors as it would intoxicated adults.

The Michigan Supreme Court has held that intoxicated adults may not recover for their injuries.

"Doubtless the [dramshop] statute might have extended its benefits to the intoxicated person, but if such were the intent it is surprising that it was not distinctly and unequivocally expressed. It was as easy to designate the party himself as it was his wife, child, guardian, etc. Moreover the man himself may generally be supposed to be injured in some degree by intoxication, so that his case would furnish the most frequent occasion for a suit if he should see fit to resort to legal proceedings. It would be very remarkable that a statute in enumerating the persons who should share in its benefits should omit to name the very one who would most often be entitled to its aid. But it is a sensible and

---

[2] See *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964); *Brooks v Cook,* 44 Mich 617; 7 NW 216 (1880).

well understood rule of construction that when after an enumeration, the statute employs some general term to embrace other cases, the other cases must be understood to be cases of the same general character, sort or kind with those named. *Hawkins v Great Western R Co,* 17 Mich 57 [1868]; *McDade v People,* 29 Mich 50 [1874], and cases cited. Apply this rule here, and the party intoxicated is excluded." *Brooks v Cook,* 44 Mich 617, 618-619; 7 NW 216 (1880).

There is no indication that the Legislature intended to except minors from this rule. The plaintiff correctly points out that the Michigan cases to date have dealt only with intoxicated adults, but the holdings of those cases are clearly applicable to minors. Had the Legislature intended a remedy for intoxicated minors, it would have clearly created one.

Although ours is the first Michigan case to address the issue, the Minnesota courts—which follow the same general rule as to adults—have had an opportunity to apply the rule to minors. Interpreting statutory language similar to ours, the Minnesota Supreme Court has twice held that the legislature did not intend to allow intoxicated minors a right of recovery under the dramshop act. *Cavin v Smith,* 228 Minn 322; 37 NW2d 368 (1949) (minor assaulted while intoxicated); *Sworski v Colman,* 204 Minn 474; 283 NW 778 (1939) (minor beaten and killed while intoxicated). The Minnesota court simply found no indication that the legislature intended a remedy for any intoxicated person, adult or minor. We find this logic, coupled with the holdings of Michigan courts on adults, persuasive and hold that an injured intoxicated minor has no greater right to recover under the dramshop act than an intoxicated adult. The defendants cogently argue in their brief that "[w]hile it may be that the drunk driver is most

likely to be injured by his actions, the legislature has not chosen to protect him. Rather, the legislature [has] charged every driver with a duty not to get behind the wheel of an automobile while they are intoxicated, thereby imposing a non-negotiable standard of care."

Because the dramshop act is the exclusive remedy and it provides no right of action for an intoxicated minor injured by his own conduct, the trial court should have granted partial summary judgment on these issues. The order denying summary judgment is reversed and the case remanded for further proceedings.

Reversed and remanded.