VERDUSCO v MILLER

Docket No. 67523. Submitted February 21, 1984, at Lansing.—Decided
    November 6, 1984. Leave to appeal applied for.

Sylvia Verdusco, individually and as next friend of Steven Ver-
    dusco, and Rudolph Verdusco filed suit against Vean Miller,
    doing business as Shamrock Party Store, in Saginaw Circuit
    Court. The complaint alleged that Steven Verdusco, a minor,
    became intoxicated from consuming beer purchased from the
    Shamrock Party Store by a 16-year-old companion and that
    Steven Verdusco suffered injuries as a result of his intoxication.
    The complaint asserted a cause of action in favor of Steven
    Verdusco for gross negligence and wilful and wanton miscon-
    duct in furnishing alcoholic beverages to him contrary to law
    and an action in favor of Sylvia and Rudolph Verdusco, Ste-
    ven's parents, under the dramshop act. Defendant moved for
    summary judgment as to both counts, arguing that Count I
    alleged nothing more than a violation of defendant's duty not
    to sell intoxicants to minors, for which an action under the
    dramshop act is the exclusive remedy, and that Count II failed
    to state a claim for which relief could be granted since plain-
    tiffs did not allege that defendant sold intoxicants directly to
    Steven Verdusco. The trial court, Robert S. Gilbert, J., denied
    defendant's motion as to both counts. Defendant appeals by
    leave granted. *Held:*

    1. The trial court erred in refusing to grant defendant's
    motion for summary judgment as to the claim of Steven Ver-
    dusco. Count I was an attempt to proceed on a common-law
    theory as an alternative to the dramshop act. No common-law
    action exists for negligently selling alcohol to a minor. A

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*
    Common-law right of action for damage sustained by plaintiff in
        consequence of sale or gift of intoxicating liquor or habit-forming
        drug to another. 97 ALR3d 438.
[2] 45 Am Jur 2d, Intoxicating Liquors § 307.
    Liability of one who furnishes liquor to another for consumption by
        third parties, for injuries caused by consumer. 64 ALR3d 922.
[3] 61A Am Jur 2d, Pleading § 230 *et seq.*

dramshop action is the exclusive remedy in such a matter. The trial court's denial of defendant's motion for summary judgment as to Count I is reversed.

2. In Count II, plaintiffs proceeded on a theory that the actual purchaser of the beer was acting as Steven Verdusco's agent and that the facts surrounding the repeated purchases should have alerted the seller to that arrangement. The trial court correctly held that an agency theory was available to plaintiffs to satisfy the statutory requirements of the dramshop act. The trial court's denial of defendant's motion for summary judgment as to Count II is affirmed.

Reversed in part and affirmed in part.

1. INTOXICATING LIQUORS — ACTIONS — NEGLIGENT SALE OF ALCOHOLIC BEVERAGES — DRAMSHOP ACT.

There is no common-law remedy for the negligent sale of alcoholic beverages to minors or visibly intoxicated persons; the exclusive cause of action for such a sale is that provided by the dramshop act (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — AGENCY.

A defendant in a dramshop action may be held liable on an agency theory for damages suffered by the plaintiff where the plaintiff became intoxicated by consuming intoxicants sold by the defendant to a third party who was purchasing for the plaintiff's consumption and the defendant knew or should have known that the purchaser was acting on behalf of the plaintiff.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted (GCR 1963, 117.2[1]).

*Van Benschoten, Hurlburt & Van Benschoten, P.C.* (by *Lawrence A. Hurlburt*), for plaintiffs.

*William E. Jungerheld,* and *Bruce E. Otto* (of counsel), for defendant.

Before: Bronson, P.J., and R. B. Burns and R. L. Borsos,* JJ.

Per Curiam. Defendant Vean Miller, doing business as Shamrock Party Store, appeals by leave granted from a denial of his motion for summary judgment. GCR 1963, 117.2(1).

Plaintiffs alleged that on October 1, 1976, Steven Verdusco, a minor, was in the company of three friends. On at least three occasions that evening, Daniel Alcorta, a 16-year-old friend accompanying Verdusco, purchased beer from defendant with money provided in part by Verdusco. Verdusco and his friend were later dropped off at a bar where they were served more drinks. On his way home, Verdusco sat or lay down on some railroad tracks and was severely injured by a passing train. It is apparently not contested that Verdusco's intoxicated condition caused him to put himself in the position to suffer his injury.

Plaintiffs' complaint against defendant, as amended, asserts two causes of action: (1) an action in favor of Steven Verdusco for gross negligence and wilful and wanton misconduct in furnishing alcoholic beverages to him contrary to law, and (2) an action in favor of plaintiff-parents under the dramshop act, MCL 436.22; MSA 18.993.

Defendant sought summary judgment as to both counts in plaintiffs' amended complaint, arguing first that Count I alleged nothing more than a violation of defendant's duty not to sell intoxicants to minors, for which the dramshop act is the exclusive remedy. As to Count II, defendant argued that since plaintiffs did not allege that defendant sold intoxicants directly to Steven Verdusco, plaintiffs had failed to state a claim for which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

relief may be granted. The trial court denied defendant's motion as to both counts.

We find that the trial court erred in refusing to grant defendant's motion for summary judgment as to the claim of Steven Verdusco. It is clear that this count was an attempt to proceed on a common-law theory as an alternative to the dramshop act. No common-law action exists for negligently selling alcohol to a minor. A dramshop action is the exclusive remedy in such a matter. *Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982); *Cornack v Sweeney,* 127 Mich App 375; 339 NW2d 26 (1983); *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983), *lv den* 417 Mich 1087 (1983).

Plaintiffs argue, and the trial court found, that this Court recognized a common-law action for gross negligence or wilful, wanton, or intentional misconduct in *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977). In *Grasser,* the complaint alleged that a licensed liquor establishment sold alcohol to a known compulsive alcoholic contrary to a promise made by the tavern owner to refrain from serving that person. In the present case, the trial court improperly denied defendant's motion for summary judgment. The *Grasser* exception does not apply in this case. See *Barrett v Campbell,* 131 Mich App 552, 558; 345 NW2d 614 (1983).

As for the second issue, plaintiff-parents are proceeding on a theory, well developed in their amended complaint, that the actual purchaser, Daniel Alcorta, was acting as Steven Verdusco's agent, and that the facts surrounding the repeated purchases should have alerted the seller to this arrangement. Defendant argues, however, that any liability imposed by the dramshop act does not reach beyond the immediate provider of the intoxi-

cants, which in the instant case was Daniel Alcorta. The trial court held that an agency theory was available to plaintiffs to satisfy the statutory requirements of the dramshop act. MCL 436.22; MSA 18.993. We agree.

A motion for summary judgment for failure to state a claim, GCR 1963, 117.2(1), tests the legal sufficiency of the pleadings alone. The factual allegations made in the complaint must be presumed true along with any inferences or conclusions which may be fairly drawn from them. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Barrett v Campbell, supra,* p 558; *Romeo v Van Otterloo,* 117 Mich App 333, 337; 323 NW2d 693 (1982).

In *Maldonado v Claud's Inc,* 347 Mich 395; 79 NW2d 847 (1956), the defendant liquor seller furnished a case of beer to a minor, who then shared the beer with two other persons. Plaintiff was subsequently injured by those two persons. The Supreme Court held that the defendant liquor seller could not be held liable for the plaintiff's injuries under the dramshop act. However, the Court stated:

"In the case at bar the purchase, which the jury found from the testimony was made, was by Mario. He did not act as the agent of his companions, or any of them. The latter had no interest, other than a possible expectant one, in the beer and no right to insist that Mario share it with them. His doing so was a mere act of hospitality on his part. No claim is made, and there is no proof tending to show, that he made any statement to any of defendant's agents or employees indicating that he was making the purchase for others, or that the circumstances known to defendant suggested that such was the fact. The record is silent in this respect. The only conclusion that may be drawn from the testi-

mony is that Mario obtained the beer and that he was entitled to, and did, control its disposition. Under the facts and applicable principles of statutory construction defendant may not be held liable for the injuries sustained by plaintiff at the hands of David and Pena." *Maldonado, supra,* p 409.

Although no agency was found in *Maldonado,* the Supreme Court recognized that such a relationship could exist under the proper circumstances.

Similarly, in *Meyer v State Line Super Mart, Inc,* 1 Mich App 562, 569; 137 NW2d 299 (1965), this Court, addressing a similar issue, held:

"Braunsdorf, in purchasing the beer from defendant, could have been legally acting for Dombkowski, as agent, and under proper circumstances, could subject defendant to damages caused by Dombkowski. See *Ryerson v Phelps* (1910), 163 Mich 237.

"Plaintiff did allege in her declaration that Braunsdorf was the agent of Dombkowski and others and set up allegations to show the nature of such agency. She further stated that there was an illegal sale to all four minors by reason of the agency claimed. She did not specifically connect the defendant with such agency by alleging that defendant's agents or employees were informed that Braunsdorf was purchasing for others or that the circumstances surrounding such purchases would indicate to defendant that such was the fact. These facts may very well have been more in the knowledge of defendant than plaintiff.

"We conclude under the circumstances that the case should not have been dismissed."

The trial court properly found that plaintiffs alleged facts and circumstances sufficient to preclude summary judgment under GCR 1963, 117.2(1). We, therefore, affirm the trial court's denial of summary judgment as to this count.

Reversed in part and affirmed in part. No costs, neither party having prevailed in full.