ROSAS v DAMORE

Docket No. 96116. Submitted February 11, 1988, at Lansing. Decided
September 19, 1988.

Juan Teneyque Rosas, III, brought an action in Saginaw Circuit
Court against Joseph Damore and Michael Damore, both doing
business as Damore's Grocery. Plaintiff sought damages for
injuries he sustained in a one-car accident, alleging that he was
under the drinking age when defendants sold him liquor which
he consumed just prior to the accident. Defendants filed a
motion for summary disposition, which the trial court, Robert
S. Gilbert, J., denied. Defendants sought and were granted
leave to appeal from the denial of their motion.

The Court of Appeals *held:*

The dramshop act provides the exclusive remedy for money
damages against a liquor licensee arising out of the selling,
giving, or furnishing of alcoholic liquor. Under the act, an
intoxicated person, whether adult or minor, may not recover
damages for his injuries from a liquor licensee who provided
him with alcoholic beverages, which provision caused or con-
tributed to the injuries.

Reversed and remanded for the entry of summary disposition
in favor of defendants.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — REMEDIES.

The dramshop act provides the exclusive remedy for money
damages against a liquor licensee arising out of the selling,
giving, or furnishing of alcoholic liquor (MCL 436.22; MSA
18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — RECOVERY OF DAM-
AGES.

An intoxicated person, whether adult or minor, may not recover
damages under the dramshop act for his injuries from a liquor
licensee who provided him with alcoholic beverages, which

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.,* 608 *et seq.*

Liability of persons furnishing intoxicating liquor for injury to or
death of consumer, outside coverage of civil damage acts. 98
ALR3d 1230.

provision caused or contributed to the injuries (MCL 436.22; MSA 18.993).

*Van Benschoten, Hurlburt & Tsiros, P.C.* (by *J. David Perez*), for plaintiff.

*Fordney, Cady, Rusch & Prine, P.C.* (by *Andrew W. Prine*), for defendants.

Before: MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

K. TERTZAG, J. Defendants appeal by leave granted from the denial of their motion for summary disposition. Plaintiff was under twenty-one years of age when defendants sold him an alcoholic beverage prior to a one-car accident in which he sustained injuries. Plaintiff brought suit against defendants, and defendants moved for summary disposition. The trial court denied the motion. We reverse.

On April 6, 1985, plaintiff, then nineteen years old, purchased a pint of Peppermint Schnapps from defendants' store. Plaintiff apparently consumed at least half the pint while still on the premises. Plaintiff then decided to drive to Flint, and was involved in a one-car accident when he failed to negotiate a curve in the road. Plaintiff filed the instant suit for damages against defendants. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8). The trial court, based on our Supreme Court's holding in *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), denied the motion.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the plaintiff's complaint. The motion should be granted only

* Circuit judge, sitting on the Court of Appeals by assignment.

if the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Longstreth, supra,* p 678.

In Michigan, the control of alcoholic beverages is under the liquor law, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* which includes the dramshop act, MCL 436.22; MSA 18.993. The dramshop act states in pertinent part:

> (10) The alleged visibly intoxicated person shall not have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.
>
> (11) This section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor. [MCL 436.22(10), (11); MSA 18.993(10), (11).]

The plain language of the statute prevents a non-innocent party from recovering damages under the dramshop act. The statute's remedy is in favor of third parties injured by the noninnocent or intoxicated driver. This Court has held that this applies to intoxicated minors as well as to intoxicated adults. *Cornack v Sweeney,* 127 Mich App 375; 339 NW2d 26 (1983).

Plaintiff contends, and the trial court below agreed, that our Supreme Court's holding in *Longstreth, supra,* should be extended to include actions by minors, injured when they were intoxicated, against the licensee that sold the minor the liquor. The parties are in agreement that under the dramshop act defendants are a licensee. The *Longstreth* Court held that an intoxicated minor can bring suit for damages against a social host who provided or allowed the minor to consume

alcoholic beverages. However, the *Longstreth* Court also stated:

> We recognize that our conclusion gives this underage plaintiff a remedy against his hosts which is not presently available under § 22 [MCL 436.22; MSA 18.993] against licensees. In spite of the "growing number of cases" in other jurisdictions, an intoxicated person cannot sue *licensees* under § 22 for injuries in this state. See, generally, *Kangas v Suchorski*, 372 Mich 396, 399-400; 126 NW2d 803 (1964). [*Longstreth, supra,* p 696.]

The dramshop act is the exclusive remedy against licensees for injuries arising from the sale or dispensing of alcoholic beverages. *Browder v International Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982). An intoxicated person or noninnocent party does not have a cause of action against the licensee that sold that party the alcoholic beverage. *Longstreth, supra.* Under the dramshop act, whether the intoxicated or noninnocent party is a minor is not relevant. We believe it is for the Legislature and not the courts to provide a cause of action for a noninnocent minor party against a licensee. As yet, the Legislature has not chosen to provide such a remedy.

In conclusion, we hold that a minor who buys alcoholic beverages, becomes intoxicated and then subsequently injures himself does not have a cause of action against the licensee who sold the minor the liquor. In the instant case, the trial court erred by denying defendants' motion for summary disposition. Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, we reverse and remand this case for the entry of summary disposition in favor of defendants.

Reversed and remanded.