## SAAVEDRA v GHANNAN

Docket No. 111761. Submitted October 20, 1989, at Detroit. Decided December 26, 1989. Leave to appeal denied, 435 Mich —.

Eighteen-year-old Troy Reinmann purchased a fifth of whiskey and a smaller bottle of amaretto at the Corkscrew Party Shop with money furnished by seventeen-year-old Troy Saavedra and fourteen-year-old Scott Saavedra. The Saavedras remained outside of the store and out of sight. The clerk, whom Reinmann knew, did not ask him for identification. This was Reinmann's only purchase that day. The boys went to a fort that Reinmann had built in his backyard and drank the liquor. Later that night, the fort caught fire and the Saavedra brothers died. Gerald Saavedra, individually and as personal representative of the estates of his sons, brought an action in the Wayne Circuit Court against Robert Ghannan, doing business as the Corkscrew Party Shop, and Patricia Reinmann and Troy Reinmann. The claims against Ghannan were based on the dramshop act. The trial court, Kaye Tertzag, J., granted summary disposition to Ghannan after concluding that plaintiff failed to set forth facts showing that Ghannan knew or should have known that Troy Reinmann was purchasing the alcohol for the Saavedra brothers. Plaintiff appealed from that order.

The Court of Appeals *held:*

1. Plaintiff's two claims on behalf of the estates were properly dismissed since a minor who buys alcoholic beverages, becomes intoxicated, and injures himself does not have a cause of action under the dramshop act.

2. Plaintiff's derivative claim was properly dismissed. There is insufficient proof to give rise to a genuine issue whether Ghannan knew or should have known that Reinmann was purchasing the alcohol for the Saavedra brothers.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT.

Michigan's dramshop act provides the exclusive remedy for the

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 267, 271, 275, 591, 592, 594.
See the Index to Annotations under Children; Dramshop Acts.

negligent sale of alcoholic beverages to a minor; the act provides that liability rests on the immediate provider of the intoxicants (MCL 436.22; MSA 18.993).

2. Intoxicating Liquors — Dramshop Act — Minors.

A minor who buys alcoholic beverages, becomes intoxicated, and injures himself does not have a cause of action under the dramshop act (MCL 436.22; MSA 18.993).

3. Intoxicating Liquors — Dramshop Act — Agency.

A defendant in a dramshop action may not be held liable on an agency theory for the death of the plaintiff's decedents which occurred in a fire after the decedents consumed intoxicants sold by the defendant to a third party who was purchasing for the decedents' consumption and the defendant did not know or have reason to know that the purchaser was acting on behalf of the decedents.

*Law Offices of Samuel I. Bernstein* (by *Michael L. Battersby*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet G. Callahan* and *Michael L. Updike*), for defendant.

Before: Maher, P.J., and Marilyn Kelly and H. E. Deming,* JJ.

Per Curiam. Plaintiff, Gerald Saavedra, appeals as of right an order granting summary disposition to defendant Robert Ghannan, doing business as the Corkscrew Party Shop. MCR 2.116(C)(10). We affirm.

Plaintiff's claims against Ghannan were based on the Michigan dramshop act. MCL 436.22; MSA 18.993. Gerald Saavedra had two minor sons, Troy, age seventeen, and Scott, age fourteen. The boys and their eighteen-year-old friend, Troy Reinmann, went to Ghannan's store to purchase liquor. The Saavedra boys gave Reinmann money and he

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

bought a fifth of whiskey and a smaller bottle of amaretto. The Saavedras remained outside and were not visible from the store. The clerk, whom Reinmann knew, did not ask him for identification. This was Reinmann's only purchase on that day.

The boys then went to a fort that Reinmann had built in his backyard. It was made of plywood and brick. The ceiling and one wall were canvas. For the next four hours the boys and some other friends drank the liquor. Reinmann then left to go to bed in his parents' home. Troy and Scott remained in the fort.

Sometime later that night, the fort caught fire. There is some evidence the fire was deliberately set. Both Saavedra brothers died. Plaintiff claims that the boys' intoxication prevented them from escaping through the flimsy walls of the fort. The court granted summary disposition to Ghannan, concluding that plaintiff had failed to set forth facts showing that Ghannan knew or should have know that Reinmann was purchasing the alcohol for the Saavedra brothers.

In Michigan, a dramshop action is the exclusive remedy for the negligent sale of alcoholic beverages to a minor. *Jackson v PKM Corp,* 430 Mich 262; 422 NW2d 657 (1988); *Verdusco v Miller,* 138 Mich App 702, 705; 360 NW2d 281 (1984), lv den 424 Mich 863 (1985). However, a minor who buys alcoholic beverages, becomes intoxicated, and injures himself does not have a cause of action under the dramshop act. *Craig v Larson,* 432 Mich 346, 358-359; 439 NW2d 899 (1989); *Rosas v Damore,* 171 Mich App 563, 565-566; 430 NW2d 783 (1988). For that reason, plaintiff's two claims on behalf of the estates of Troy and Scott were properly dismissed.

Only plaintiff's derivative claim remains. Under

the act, liability rests on the immediate provider of the intoxicants. MCL 436.22; MSA 18.993. Since Ghannan did not directly sell the intoxicants to the Saavedras, plaintiff must establish that Ghannan knew or should have known an agency relationship existed between Reinmann and the Saavedras. See *Verdusco,* 705-706.

We agree with the trial court. There are no facts which give rise to a genuine issue whether Ghannan knew or should have known that Reinmann was buying the alcohol for the Saavedra brothers. *Slaughter v Smith,* 167 Mich App 400, 403; 421 NW2d 702 (1988). Plaintiff claims this case is indistinguishable from *Verdusco, supra.* However, there the Court found that at least three purchases of alcohol by a sixteen-year-old in one evening should have alerted the defendant to an agency relationship. *Verdusco,* 705. In this case, there was a single purchase. We are reluctant to conclude that whenever a minor makes a single purchase of two bottles of alcohol in one day, the dramshop owner is compelled to presume it is being shared with other minors. In this case, there is insufficient proof to show that Ghannan should have realized Reinmann was purchasing the alcohol for the Saavedras. *Maldonado v Claud's Inc,* 347 Mich 395, 409; 79 NW2d 847 (1956).

Affirmed.