LaGUIRE v KAIN

FALKER v HANIBAL'S, INC

Docket Nos. 115325, 117778. Submitted June 4, 1990, at Lansing. Decided August 22, 1990. Leave to appeal applied for.

Michael J. Mihailuk, a minor, used an altered driver's license to purchase alcoholic beverages at the Copa Nite Club. After consuming the alcoholic beverages, Mihailuk was involved in a motor vehicle accident in which the automobile he was driving crossed the center line of the road and struck another vehicle head-on. Mihailuk was killed and a person in the other vehicle was injured. That person brought an action in Genesee Circuit Court against Mihailuk's estate and his parents. Betty J. La-Guire, personal representative of the estate of Michael J. Mihailuk, deceased, and Mihailuk's parents filed a cross-claim against William James Kain, doing business as the Copa Nite Club, and another.

Wallace Falker, II, a minor, purchased alcoholic beverages from Hanibal's Market and, after consuming the alcoholic beverages, was involved in a single-vehicle accident in which he suffered severe injuries. Falker filed suit against Hanibal's, Inc., doing business as Hanibal's Market, in Genesee Circuit Court.

The court, Philip C. Elliott, J., in both cases granted summary disposition in favor of the defendants on the basis that the dramshop act precludes a minor who was illegally served alcohol from maintaining an action against the dramshop. The plaintiffs in the two cases each appealed. The appeals have been consolidated.

The Court of Appeals *held:*

1. The dramshop act, as amended in 1986, provides that illegally served minors may maintain an action against the dramshop. The Michigan Supreme Court's comment to the contrary in a 1989 decision is dicta and is incorrect. Under

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 591, 594.
See the Index to Annotations under Children; Dramshop Acts.

these circumstances the Court of Appeals is not required to accept and apply the Supreme Court's conclusion.

2. A minor's parents may bring their derivative claims against the dramshop.

Reversed.

INTOXICATING LIQUORS — DRAMSHOP ACT — MINORS.

 The dramshop act, as amended in 1986, permits an illegally served minor to maintain an action against the dramshop which served him prior to an accident in which the minor suffered injury; the act also permits the minor's parents to maintain an action against the dramshop for their derivative claims (MCL 436.22 *et seq.*; MSA 18.993 *et seq.*).

*Mansour, Rizik, Rizik & Zintsmaster, P.C.* (by *Michael B. Rizik, Jr.*), for Betty Jane LaGuire.

*Kalo, Zilinski & Swann, P.C.* (by *Philip D. Swann*), for Wallace Falker, II.

*Robert P. Keil,* for William James Kain.

*Milliken, Magee & Yuille* (by *Herbert A. Milliken, Jr.*), for Hanibal's, Inc.

Before: SAWYER, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

SAWYER, P.J. This consolidated appeal, which involves separate and unrelated causes of action, though presented to the same trial court, concerns the proper interpretation of the dramshop act. MCL 436.22; MSA 18.993. In both cases, the trial court granted summary disposition in favor of the dramshop defendants, concluding that the provisions of MCL 436.22(10); MSA 18.993(10) precluded the plaintiffs from maintaining their actions. Plaintiffs' appeals were consolidated by order of this Court in light of the common issue presented. We reverse.

In *LaGuire,* plaintiffs' decedent, then age seven-

teen, purchased alcoholic beverages at the Copa Nite Club while celebrating with friends on the evening of December 6, 1986. Mihailuk apparently used an altered driver's license in order to procure the purchase of the alcoholic beverages, though plaintiffs contend that the alteration was so obvious that defendant's employees should have realized that the license was fraudulent. After leaving the bar in the early morning hours of December 7, Mihailuk drove his car across the center line, colliding head-on with a vehicle driven by Lisa Lord. The accident killed Mihailuk and injured Lord. Lord thereafter brought an action against plaintiffs and defendants and plaintiffs cross-claimed against defendants. Lord is no longer a party to this litigation.

In *Falker,* plaintiff, then age nineteen, purchased alcoholic beverages from Hanibal's Market on March 7, 1987. Plaintiff contends that he was never requested to furnish identification at the time of the sale. While driving during the early morning hours of March 8, after consuming the alcohol, plaintiff was involved in a single-vehicle accident. As a result of the accident, which plaintiff attributes to his intoxicated condition, plaintiff suffered serious injuries, including the amputation of both legs.

This appeal presents the questions (1) whether a minor who was illegally served alcohol may maintain an action under the dramshop act, (2) whether the parents of a minor who was illegally served alcohol may maintain an action under the dramshop act, and (3) whether the retail liquor licensee may pursue its right to indemnification under the dramshop act against a minor who was illegally served alcohol.[1]

---

[1] Questions 2 and 3 are raised only in the *LaGuire* appeal.

Turning to the first question raised, whether a minor who was illegally served alcohol may maintain an action under the dramshop act, we must analyze this issue in light of the 1986 amendment to the dramshop act. See 1986 PA 176. Prior to the 1986 amendment, plaintiffs' actions against the dramshops clearly would have been barred. See *Craig v Larson,* 432 Mich 346; 439 NW2d 899 (1989).

In *Craig,* which involved an accident which occurred prior to the enactment of the 1986 amendment, the Court noted that the pre-1986 language of the dramshop act contained in MCL 436.22(5); MSA 18.993(5) precluded an intoxicated person who injures himself from recovering damages from the dramshop. The 1986 amendment changed the wording of this provision, but the current version, which is now found in MCL 436.22(4); MSA 18.993(4), is substantially similar to its predecessor provision. The Supreme Court has commented that the 1986 amendment has not changed the effect of this statutory language of barring recovery by the intoxicated person. *Craig, supra* at 354, n 8. The Supreme Court further concluded that this bar to recovery also applies to minors. *Id.* at 359, n 18. A similar conclusion was reached by this Court in *Rosas v Damore,* 171 Mich App 563; 430 NW2d 783 (1988), and the recent decision in *Saavedra v Ghannan,* 183 Mich App 234, 236; 454 NW2d 134 (1989).

Despite these prior opinions, we conclude that the proper interpretation of the dramshop act, as constituted in the 1986 amendment, provides that illegally served minors may maintain an action against the dramshop. While, as the Supreme Court noted in *Craig, supra,* the statutory provisions of the dramshop act which are now found in subsection (4) have been interpreted as providing

that the illegally served minor or visibly intoxicated person may not maintain an action against the dramshop, that rule was codified by the Legislature in subsection (10) of the dramshop act. Specifically, MCL 436.22(10); MSA 18.993(10), which was added by the 1986 amendment, provides:

> The alleged visibly intoxicated person shall not have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.

While it is the provisions of the former subsection (5), now subsection (4), which provide the source of the rule that the illegally served minor or visibly intoxicated person may not maintain an action against the dramshop, the fact that the Legislature has now codified that rule into subsection (10) requires that we look solely at subsection (10) to determine the scope of that rule.[2] The reason for this conclusion lies in one of the basic rules of statutory construction: none of the language of a statute should be treated as surplusage or rendered nugatory; rather, the statute should be read so that all provisions in the statute are given meaning. *Niggeling v Dep't of Transportation,* 183 Mich App 770; 455 NW2d 415 (1990). Thus, if we look to the current subsection (4) in search of the rule that the imbiber himself may not pursue an action against the dramshop, sub-

---

[2] We recognize that the Supreme Court in *Craig, supra* at 359, n 18, specifically looked at subsection (4) of the current version of the dramshop act in support of its conclusion that a minor cannot maintain an action against the dramshop. However, for reasons to be discussed *infra,* we conclude that we are permitted to overlook the statements of the Supreme Court to this effect in *Craig.*

section (10) becomes mere surplusage. Thus, consistent with the principles of statutory construction, subsection (10) must be viewed as the sole provision which relates to the bar of the intoxicated person himself from maintaining an action against the dramshop lest we render subsection (10) meaningless.

Turning to subsection (10), it is critical to note that it only precludes recovery by an "alleged visibly intoxicated person" or persons having a derivative claim arising out of the injury or death of the alleged visibly intoxicated person. Nowhere in subsection (10) is any reference made to an illegally served minor being barred from recovery. A review of the entire section, however, reveals that the Legislature has carefully crafted two separate categories: "minors" and "visibly intoxicated persons." In fact, the phrase "minor or visibly intoxicated person," or some variation thereof, is used at least five times in subsections (4), (6), (8), and (9). Additionally, in subsection (3), the act separately prohibits providing alcohol to a minor and providing alcohol to a visibly intoxicated person. However, subsection (10), along with subsection (7), only refers to visibly intoxicated persons.

Thus, in the dramshop act, the Legislature specifically defined two separate categories of persons to whom liquor licensees could not furnish alcoholic beverages: "minors" and "visibly intoxicated persons." Having created those two categories, the Legislature then used both terms in disjunctive phrases several times in order to ensure that both categories were included in the statutory provisions. However, in two places, subsections (7) and (10), the Legislature refers only to "visibly intoxicated persons." We must conclude that the single reference to visibly intoxicated persons in subsec-

tion (10) reflects an intent by the Legislature to specifically exclude minors from the provisions of that subsection.

This conclusion is compelled by two rules of statutory construction. First, the rule discussed above, that all words within a statute must be given meaning, requires that we distinguish between minors and visibly intoxicated persons since the failure to do so would again render meaningless the Legislature's various references to minors. Second, it is a well-known rule of statutory construction that the express mention in a statute of one thing implies the exclusion of other things (*expressio unius est exclusio alterius*). See *People v Wurm,* 158 Mich App 265, 272; 404 NW2d 235 (1987), citing *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971). That is, the Legislature, having created categories of two similar things (persons to whom it is illegal to furnish alcoholic beverages), expressly mentioned one such category, visibly intoxicated persons, in subsection (10), but did not mention the other category, minors. Accordingly, we must conclude that the omission of the reference to minors in subsection (10) was intentional and minors are, therefore, excluded from the provisions of subsection (10).

Having concluded that subsection (10) controls the determination of who is precluded from maintaining an action against a dramshop and that illegally served minors do not come within the provisions of subsection (10), it necessarily follows that an illegally served minor may, therefore, maintain an action against the dramshop which served him prior to an accident in which the minor suffered injury. As for this Court's decision in *Rosas, supra,* we note that that decision is somewhat anomalous in that it involved an accident which occurred prior to the enactment of the

1986 amendment to the dramshop act, yet specifically quoted and relied upon the amended version of the dramshop act in reaching its decisions as well as a prior decision of this Court rendered before the 1986 amendment.[3] Accordingly, we find the *Rosas* decision to be unpersuasive.

As for the *Saavedra* decision, *supra,* the opinion does not reflect when the cause of action arose, but that decision relied upon *Craig, supra,* and *Rosas, supra,* which were both decided under the pre-1986 version of the dramshop act. *Saavedra* did not analyze the effect of the 1986 amendment and, therefore, we place little reliance on the *Saavedra* decision.[4]

Finally, there is the Supreme Court's decision in *Craig, supra.* It cannot be disputed that the Supreme Court's opinion explicitly states that subsection (4) of the dramshop act, as amended by the 1986 act, makes "explicit the Legislature's intent to preclude underage imbibers from recovering damages for their own injuries." *Craig, supra* at 359, n 18.

However, as discussed above, the rules of statutory construction preclude looking to subsection (4) of the statute in search of the rule of who is precluded from maintaining an action against the dramshop. Rather, as discussed above, subsection (10) now controls that determination since the 1986 amendment. Accordingly, we must respectfully submit that the *Craig* Court's comment in footnote 18 as to the effect of subsection (4) under the 1986 amendment is incorrect.

We are cognizant of the fact that, while this

---

[3] *Cornack v Sweeney,* 127 Mich App 375; 339 NW2d 26 (1983).

[4] We do take judicial notice of our own internal records which reflect that the *Saavedra* case was filed in the trial court sometime during 1986, thus suggesting a strong likelihood that the case arose before the July 1, 1986, effective date of subsection (10) of the dramshop act. See 1986 PA 176, § 2.

Court may express its opinion that the Supreme Court was wrong in an opinion, we must nevertheless apply the Supreme Court's holding until such time as the Supreme Court acknowledges its error and corrects itself. *People v Mitchell,* 428 Mich 364, 369-370; 408 NW2d 798 (1987). However, as discussed above, the *Craig* case involved an accident which occurred prior to the effective date of the 1986 amendment to the dramshop act. Accordingly, the effect of the 1986 amendment to the act was not before the Supreme Court for decision. Rather, the Supreme Court, in footnote 18 to the opinion, was merely making an observation of the 1986 amendment in further support of its conclusion as to the proper rule or interpretation of the statute which should be applied to the pre-1986 form of the dramshop act. Thus, the reference to the effect of subsection (4) of the dramshop act under the 1986 amendment is mere dicta. We are, we believe, free under the rule of stare decisis to decline to follow the Supreme Court's dicta. Accordingly, we decline to follow the dicta in footnote 18 to the *Craig* opinion concerning the effect of subsection (4) of the dramshop act under the 1986 amendment.

Having concluded that minors may maintain an action against the dramshop, we turn to the next question, namely, whether the minor's parents may maintain an action against the dramshop. Subsection (10), in addition to barring a recovery by the alleged visibly intoxicated person against the dramshop, also precludes recovery by any other person against the dramshop for a derivative claim on the basis of the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person. MCL 436.22(10); MSA 18.993(10). Again, however, subsection (10) only

refers to visibly intoxicated persons and to those derivative claims which are based upon serving visibly intoxicated persons. Accordingly, for the same reasons that we conclude that a minor may maintain an action against a dramshop, we must also conclude that the minor's parents may bring their derivative claims against the dramshop. That is, subsection (10) only bars those derivative claims on the basis of the serving of a visibly intoxicated person, rather than the serving of a minor.

Finally, we turn to the question whether a dramshop defendant has a right to indemnification against an illegally served minor, whether visibly intoxicated or not, under the provisions of MCL 436.22(7); MSA 18.993(7), which was added by the 1986 amendment. However, it does not appear that the trial court reached the issue of whether defendant had a right of indemnification against the minor's estate. Accordingly, we decline to address that issue on appeal.

Reversed.