**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0279n.06

Case No. 14-2059

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 14, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PRESIDENTIAL FACILITY, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ROBERT P. PINKAS, et al., | ) | MICHIGAN |
| | ) | |
| Defendants, | ) | |
| | ) | |
| GREGORY S. CAMPBELL, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| DIANE CAMPBELL; CHESTER COUNTY | ) | |
| AVIATION HOLDINGS, LLC; CDV | ) | |
| CAPITAL, LLC, | ) | |
| | ) | |
| Appellees. | ) | |

BEFORE: GUY, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. In this contract action, Plaintiff-Appellant Presidential Facility,

LLC seeks to recover a debt owed by Defendant-Appellee Gregory S. Campbell. The district

court entered judgment in favor of Presidential two years ago, and Presidential instituted

supplementary proceedings to aid in execution of the judgment. Believing that Campbell

fraudulently transferred assets to his wife, Appellee Diane Campbell, and two closely held

businesses, Appellees Chester County Aviation Holdings, LLC and CDV Capital, LLC, Presidential moved to join them as parties to the post-judgment proceedings. *See* Fed. R. Civ. P. 69; Mich. Comp. Laws § 600.6128. The district court denied the motion because Presidential failed to show that the court had personal jurisdiction over the new parties. The court later denied a renewed motion and a motion for reconsideration on the same grounds. Presidential appeals, and we VACATE the district court's orders and REMAND for further proceedings.

"[P]roceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Here, both sides agree that Michigan Compiled Laws ("MCL") § 600.6128 governs Presidential's ability to bring Diane Campbell and the businesses into supplemental proceedings, but they dispute whether the statute permits courts to require a showing of personal jurisdiction before joining new parties.

MCL § 600.6128 provides in relevant part:

(1) Where it appears to the court that:

> (a) The judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person;

> (b) The judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person; or

> (c) A third party is indebted to the judgment debtor, and the obligation of the third party to pay the judgment debtor is disputed; the court may, if the person or persons claiming adversely is a party to the proceeding, adjudicate the respective interests of the parties in such debt or real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor, or that the debt is owed the judgment debtor.

(2) If the person claiming adversely to the judgment debtor is not a party to the proceeding, the court shall by show cause order or otherwise cause such person to

be brought in and made a party thereto, and shall set such proceeding for early hearing.

*Id.*

The statute sets forth a simple procedure for joining third parties who possess property in which the judgment debtor may have an interest. *See Ducana Windows & Doors, Ltd. v. Sunrise Windows, Ltd.*, No. 09-12885, 2014 WL 1683279, at *3–4 (E.D. Mich. Apr. 29, 2014) (applying the proper procedure). The creditor must present evidence that the judgment debtor "may have" an interest in property held by a third party. This is not an onerous burden as "the word 'may' indicates a possibility," not a certainty. *Estes v. Titus*, 731 N.W.2d 119, 136 (Mich. Ct. App. 2006), *aff'd in relevant part*, 751 N.W.2d 493, 503–04 (Mich. 2008). Michigan courts consider an alleged fraudulent transferee to be a "person claiming adversely" within the meaning of MCL § 600.6128, whether or not that party affirmatively asserts his or her interest the transferred assets.[1] *See id.* at 137 (explaining that courts should equitably construe "person claiming adversely" to include all recipients of the debtor's fraudulently transferred assets).

After the creditor shows the judgment debtor might have an interest in property held by another, the court "shall by show cause order or otherwise cause [the person claiming adversely] to be brought in and made a party." MCL § 600.6128(2). Thus, the statute grants the trial court some discretion in deciding whether the judgment creditor has made the requisite showing, but once it decides the showing has been made, the trial court must add the third party holder of the

---

[1]Campbell mistakenly relies on *Green v. Ziegelman*, 767 N.W.2d 660 (Mich. Ct. App. 2009). There the Michigan Court of Appeals reversed the trial court because it entered a second judgment holding the judgment debtor's principal shareholder—not named as a defendant in the underlying action or supplemental proceedings—personally liable for the entire debt under a veil-piercing theory. *Id.* at 664. The *Green* court explicitly distinguished that case from a fraudulent transfer claim like the one here. *Id.* at 667. Presidential seeks not to hold Diane Campbell personally liable for her husband's debt, but to recover specific assets allegedly fraudulently transferred.

property to the proceedings. Michigan courts generally interpret "shall" as mandatory language. *Browder v. Int'l Fid. Ins. Co.*, 321 N.W.2d 668, 673 (Mich. 1982). MCL § 600.6128 is no exception. *Estes*, 731 N.W.2d at 137 (quoting Mich. Ct. R. 2.205) (holding that MCL § 600.6128 "required" joinder of the alleged fraudulent transferee to accord her due process as well as to ensure complete relief in the event the creditor proved her claim).

The district court bypassed this analytic framework. It made no determination as to whether Presidential had shown Gregory Campbell might have an interest in the transferred assets. Instead, it decided *sua sponte* not to join Diane Campbell and the other alleged transferees on the ground that Presidential failed to establish the court's personal jurisdiction. This was error.

Requiring proof of personal jurisdiction at this stage clashes not only with the inquiry set forth in MCL § 600.6128, but also with the usual operation of state and federal civil procedure. Plaintiffs serve process *after* instituting an action and naming defendants; the defendants then either challenge the court's personal jurisdiction or submit to it. *See* Fed. R. Civ. P. 3–4(a), 8(a), 12(b), (h); Mich. Ct. R. 2.101–.102, 2.108, 2.116; *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (holding that personal jurisdiction is a waivable personal defense). Courts do not consider personal jurisdiction *sua sponte*. *See, e.g.*, *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 994 (D.C. Cir. 2014); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (per curiam); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). And judgment debtors like Campbell lack standing to assert that defense on behalf of third parties. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("One of these prudential limits on standing is that a litigant must normally assert his own legal interests rather than those of third parties.");

*Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229–30 (E.D. Pa. 2012) (rejecting party's standing to assert lack of personal jurisdiction on behalf of others and listing similar cases).

Accordingly, we VACATE the district court's orders denying Presidential's motion for post-judgment relief (August 9, 2013), renewed motion for post-judgment relief (January 9, 2014), and motion for reconsideration (July 10, 2014) and REMAND for further proceedings consistent with this opinion.